U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

MAR 20 2007

CLERK, U.S. DISTRICT COURT
By _____
   Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

LISA TAGUILAS, §
　　　　　　　　　　§
　　　　Movant, §
　　　　　　　　　　§
VS. § NO. 4:07-CV-473-A
　　　　　　　　　　§ (NO. 4:05-CR-195-A)
UNITED STATES OF AMERICA, §
　　　　　　　　　　§
　　　　Respondent. §

MEMORANDUM OPINION
and
ORDER

Came on for consideration the motion of Lisa Taguilas ("Taguilas") under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. Having reviewed the motion, the record, and applicable legal authorities, the court concludes that the motion should be denied.

I.

Background

On December 14, 2005, Taguilas and thirteen other individuals were named in a fourteen-count indictment. Taguilas was charged in count one, conspiracy with intent to distribute and to distribute more than fifty grams of pure methamphetamine in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A), and in count thirteen, maintaining drug involved premises in violation of 21 U.S.C. § 856. On September 29, 2006, Taguilas pleaded guilty to count thirteen, and count one was subsequently dismissed. On January 12, 2007, Taguilas was sentenced to 120 months' imprisonment, to be followed by three years of supervised

release. The United States Court of Appeals for the Fifth Circuit affirmed Taguilas's sentence on September 26, 2007. Taguilas filed this § 2255 motion on September 25, 2007.

II.

Grounds of the Motion

Taguilas asserts four grounds for relief: (1) her attorney did not represent her case lawfully; (2) she was never arrested, as all of her co-defendants were, with any drugs, weapons, or drug paraphernalia; (3) the only reason she entered a plea agreement was so her brother would not be resentenced; and (4) her co-defendants gave false information about her to the U.S. Attorney's Office.

III.

Standard of Review

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. United States v. Frady, 456 U.S. 152, 164 (1982); United States v. Shaid, 937 F.2d 228, 231-32 (5th Cir. 1991), cert. denied, 502 U.S. 1076 (1992). A defendant can challenge his conviction or sentence after it is presumed final only on issues of constitutional or jurisdictional magnitude and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. Shaid, 937 F.2d at 232. Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional

2

rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. United States v. Capua, 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). Conclusory allegations on critical issues in a § 2255 proceeding are insufficient to raise a constitutional issue. United States v. Woods, 870 F.2d 285, 288 n.3 (5th Cir. 1989).

IV.

Analysis

A.   Taguilas's Second and Fourth Grounds

Taguilas's second and fourth grounds for relief are not cognizable. As the Supreme Court of the United States has explained:

> [A] guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the standards set forth in [McMann v. Richardson, 397 U.S. 759 (1970)].

Tollett v. Henderson, 411 U.S. 258, 267 (1973). Taguilas pleaded guilty, and in connection with her plea, signed a factual resume, wherein she admitted that she had purchased the residence at 4811 Shadyway, Arilington, Texas, and that she maintained and used such residence as a place for the use and distribution, by herself and others, of "ice" methamphetamine. Since Taguilas's

3

claims relating to her arrest and the information given to the U.S. Attorney's Office by co-defendants do not raise a question as to the voluntary and intelligent character of her guilty plea, such claims do not entitle her to any relief. See id.

B. Taguilas's First and Third Grounds

Taguilas argues that her attorney did not represent her case lawfully and that he coerced her into pleading guilty by telling her that her brother would be resentenced if she did not. To prevail on her claim of ineffective assistance of counsel, Taguilas would have to show (1) that counsel's performance fell below an objective standard of reasonableness and (2) that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. See Strickland v. Washington, 466 U.S. 668, 687 (1984). This standard applies regardless of whether the movant pleaded guilty or not guilty. Hill v. Lockhart, 474 U.S. 52, 58 (1985). Both prongs of the Strickland test must be met to demonstrate ineffective assistance. Strickland, 466 U.S. at 697.

Judicial scrutiny of this type of claim must be highly deferential, and the movant must overcome a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. Id. at 689. Further, "[a] court need not address both components of an ineffective assistance of counsel claim if the movant makes an insufficient showing on one." United States v. Stewart, 207 F.3d 750, 751 (2000). In the context of a guilty plea, in order to satisfy the prejudice

4

prong of Strickland, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985).

Taguilas is not entitled to relief because her allegations are insufficient to establish the prejudice required under Strickland: she has not alleged that, had counsel not allegedly told her that her brother could be resentenced, she would have pleaded not guilty and insisted on going to trial. See Hill, 474 U.S. at 371. Furthermore, she has not even established that the alleged promise occurred. To do so, she would have to prove "that an actual promise was made by showing (1) the exact terms of the alleged promise; (2) exactly when, where, and by whom such a promise was made; and (3) the precise identity of any eyewitness to the promise." DeVille v. Whitley, 21 F.3d 654, 658 (5th Cir. 1994) (citing Smith v. McCotter, 786 F.2d 697, 701 (5th Cir.1986)). All that she states in her motion is, "[u]nder the coercion of my attorney Shawn Paschal I was told that my brother would be resentenced to life imprisonment." Mot. at 5. By using the passive voice, Taguilas has not even alleged who it was that told her that her brother could be resentenced. Taguilas has not adduced anything as would support the conclusion that counsel promised her that her brother would not be resentenced if she pleaded guilty.

The record establishes that Taguilas received a benefit for pleading guilty beyond the alleged promise concerning her

5

brother. In exchange for her plea to count thirteen, the government moved to dismiss count one, the only other count with which she was charged. At rearraignment, Taguilas stated that she understood that her guilty plea should not be induced by coercion; she should not plead guilty unless she was, in fact, guilty; she entered into her plea agreement voluntarily and of her own free will; and that the factual resume--in which she admitted to maintaining drug involved premises--was true and correct. Such plea colloquies are considered solemn declarations in open court that carry a strong presumption of verity. <u>United States v. Palmer</u>, 456 F.3d 484, 491 (5th Cir. 2006). Though Taguilas states that she "was under a lot of stress" and "did not know any better[,]" Mot. at 5, she has not adduced anything as would overcome such presumption.

VI.

ORDER

For the reasons discussed above,

The court ORDERS that Taguilas's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 be, and is hereby, denied.

SIGNED December 20, 2007.

JOHN McBRYDE
United States District Judge